## ERIE BRONZE CO. v. HAUGHNEY.
### No. 1.

District Court, W. D. Pennsylvania.
June 4, 1936.

Brooks, Curtz & Silin, of Erie, Pa., for plaintiff.

Owen M. Burns, of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a suit in equity in which the plaintiff is seeking to offset against a note of $40,000 given by one B. C. Edkin to the bank, the deposit liability of the bank to the plaintiff, on the theory that this note is really the debt of the plaintiff and not of Edkin.

The facts are these: Edkin, on March 9, 1931, borrowed from the bank the sum of $73,500, and gave a note to the bank for that amount, assigning to the bank practically all of the stock of the plaintiff as collateral to the note.

By November 10, 1932, this note had been reduced to $40,000 by payments made by the Erie Bronze Company, these payments being charged against Edkin on the books of the company. On that date, the Erie Bronze Company, Edkin, and one C. E. Piper entered into an agreement, whereby Edkin was employed to manage the affairs of the Erie Bronze Company for a term to be fixed at the discretion of the directors of the company; Edkin to have ninety days' notice in case the directors dispensed with his services. This agreement further provided that the indebtedness of $40,000 evidenced by the personal notes of Edkin be assumed and paid by the company. The Erie Bronze Company never assumed these notes. At the time the bank closed, they still remained in the name of Edkin as maker.

Our conclusion is that these two accounts were not owed in the same right, because the bank had no claim whatever against the Erie Bronze Company on these notes and could not have maintained an action thereon. The fact that the company had agreed with Edkin and Piper to pay these notes would not change this situation. There is testimony of officers of the bank that, although there was no talk about the Erie Bronze Company becoming the principal obligor on the notes in lieu of Edkin at the original time the contract was made with Piper, the bank would have no objection to the Erie Bronze Company becoming the maker of these notes, if it could be legally done. Wallace, president of the bank, testified that never, to his personal knowledge, was the bank asked to substitute the Erie Bronze Company on these notes and relieve Edkin entirely. Keim, a clerk in the bank, however, testified that the matter of substituting the Erie Bronze Company as maker on these notes in place of Edkin was mentioned to him; but as the notes had then been pledged with the Reconstruction Finance Company as part collateral on a note, it would have been difficult to make any change; and as the bank went into the hands of a conservator on March 4, 1933, there could be no change in the obligation after that time.

This does not change the situation. The officers, although willing to make the change, if it could be legally accomplished, never, in fact, determined that it could legally take the obligation of the Erie Bronze Company for that of Edkin, and never, in fact, accepted such new obligations. Therefore, when the bank closed on March 4, 1933, these obligations remained the principal obligation of Edkin alone.

The bill of complaint in this case must, therefore, be dismissed.